UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JESÚS BAZAN,

    Petitioner,

v.

UNITED STATES PAROLE
COMMISSION,

    Respondent.

Civil Action No. 05-0854 (HHK)

## MEMORANDUM OPINION

This matter is before the Court on consideration of petitioner's petition for a writ of mandamus.[1] For the reasons set forth below, the Court will deny the petition.

### I. BACKGROUND

Petitioner, having reached his mandatory release date, was released from custody on August 4, 1997. Resp't Mot., Ex. B (Certificate of Mandatory Release to Special Parole). He was to remain under the jurisdiction of the United States Parole Commission ("Parole Commission") until his 25-year special parole term began on December 7, 2004. *Id.*

Petitioner was arrested on March 5, 2002 by United States Customs Service agents for possession of cocaine, among other offenses, and failed to inform his probation officer of his arrest. Resp't Mot., Ex. C (Violation Report and Criminal Complaint). The Parole Commission

---

[1] Also before the Court is respondent's motion to dismiss or for summary judgment. Because the petition for mandamus will be denied, the Court will deny respondent's motion as moot.

1

issued a parole violator warrant on April 8, 2002.  *Id.*, Ex. D (Warrant Application and Warrant); Pet. at 2.  Petitioner was in custody at that time, and the warrant was lodged as a detainer.  Pet. at 2.  Petitioner plead guilty to one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine, and now is serving a sentence of 168 months' imprisonment.  Pet. at 3; *see* Resp't Mot., Ex. E (Judgment in Criminal Case No. 02-CR-00187-002).

The Parole Commission conducted an on-the-record review of the detainer on July 9, 2004.  Resp't Mot., Ex. I (Dispositional Review Order).  It determined that the detainer should stand.  *Id.*, Ex. J (Notice of Action dated July 9, 2004).

## II.  DISCUSSION

In this action, petitioner seeks a writ of mandamus compelling the Parole Commission to conduct a parole revocation hearing now, so that he might "have his revoked time [ ] served with his present term of imprisonment."  Pet. at 12.  In other words, upon the anticipated revocation of his parole, petitioner wants time served on the current sentence credited also towards any term imposed for the parole violations.

Mandamus is a drastic remedy to be invoked only in extraordinary situations.  *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n. 2 (1988).  It is granted only when essential to the interests of justice.  *Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974).  Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) that defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."  *Northern States Power Co. v. United States Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997).  The party seeking mandamus has the "burden of showing that its right to issuance of the writ is 'clear and indisputable.'"  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988)

(citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).  Petitioner does not meet his burden.

Petitioner cannot establish a clear right to relief or respondent's clear duty to act.  A parolee must be accorded due process before his parole is revoked.  *Morrissey v. Brewer*, 408 U.S. 471 (1972).  Among other things, he is entitled to written notice of the claimed violation of parole and an opportunity to be heard on the matter.  *Id.* at 489.  However, a parolee against whom a warrant is lodged as a detainer is not entitled to an immediate revocation hearing.  *Moody v. Daggett*, 429 U.S. 78 (1976) (parolee imprisoned for a crime committed while on parole not entitled constitutionally to immediate revocation hearing when warrant is issued and lodged as a detainer with the institution of his confinement).  Rather, the Parole Commission may delay consideration of petitioner's case "until he is taken into custody as a parole violator by execution of the warrant."  *Id.* at 87.

### III.  CONCLUSION

The Court concludes that petitioner fails to meet his heavy burden, and, accordingly, his petition for a writ of mandamus will be denied.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/
HENRY H. KENNEDY, JR.
United States District Judge

Date: September 2, 2005